UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANGEL MEZA-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 05-1879 (DSD/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is currently serving a 70-month prison sentence at the Federal Correctional Institution in Waseca, Minnesota. Petitioner's sentence was imposed in November 2004, following his conviction in this District for a federal drug law offense. United States v. Meza-Lopez, Crim. No. 03-302 (3) (JRT/FLN).

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to Title 28 U.S.C. § 2254, they also may be applied to habeas cases brought under Title 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner did not file a direct appeal following his conviction and sentence, and he has not challenged his conviction or sentence in any motion brought under 28 U.S.C. § 2255, or in any other prior post-conviction proceeding. (Petition, p. 2, ¶ 7; p. 3, ¶ 10.)

Petitioner's present application for habeas corpus relief lists three claims for relief:

(1) "Since now the [Sentencing] Guidelines are advisory instead of mandatory," he should be given a new, lower sentence that would be closer to the sentences imposed on other individuals who allegedly committed similar crimes, but received shorter sentences;

(2) "Now that the Guidelines are advisory," he should be given a new, lower sentence that would be consistent with the Guideline's "Fast-Track Programs," in order to "reduce unwarranted disparity between similar[ly] situated offenders;"[2] and

---

[2] A 2004 law review article provides the following description – and criticism – of the so-called "Fast-Track Programs":

> "Fast-track programs allow a prosecutor to offer a defendant a reduced sentence in exchange for a pre-indictment guilty plea. These programs have been used unofficially along the southwest border for several years. Official recognition of fast-track programs came in 2003, when Congress passed the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, [footnote omitted] which officially sanctioned the use of fast-track programs in limited circumstances. [Footnote omitted.] Not all districts are allowed to use these programs; fast-track may only be employed if a district has an exceptional circumstance that warrants the adoption of a fast-track program. [Footnote omitted.] In drug and immigration cases, approval likely will be reserved for districts along the southwest border. [Footnote omitted.] Implementation of the fast-track program means that sentencing in southwest border districts is guaranteed to be different from sentencing in non-border districts. By creating a situation where the severity of the sentence depends only upon place of arrest, the fast-track program promotes disparity in sentencing. Accordingly, the program contravenes the spirit of the United States Sentencing Guidelines ("Sentencing Guidelines"), which were established to prevent disparity between similarly situated defendants."

Erin T. Middleton, Fast-Track to Disparity: How Federal Sentencing Policies Along the Southwest Border are Undermining the Sentencing Guidelines and Violating Equal Protection, 2004 UTAH L. REV. 827, 827-28.

2

(3) "The [trial] court used [the Sentencing] Guidelines as mandatory to sentence Petitioner in which the U.S. Supreme Court has declared unconstitutional."

(Id., p. 3, ¶ 9.)

Petitioner has cited United States v. Booker, 125 S.Ct. 738 (2005), in support of his petition, (id., p. 4, ¶ 12), and it is readily apparent that all three of his claims for relief are based, at least in part, on Booker's pronouncement that the Federal Sentencing Guidelines are now "advisory," rather than mandatory.

For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot be entertained in a habeas corpus petition brought under 28 U.S.C. § 2241, and that this action should be dismissed for lack of jurisdiction.

## II.   DISCUSSION

The fifth paragraph of 28 U.S.C. § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

As this statute clearly indicates, a federal prisoner normally can raise a collateral challenge to the validity of his conviction or sentence only by bringing a § 2255 motion in the court in which he was convicted. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that

3

the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

Here, Petitioner is clearly challenging the validity of the sentence imposed in his federal criminal case.  Therefore, Petitioner's current claims for relief can be raised only in a § 2255 motion brought before the court in which he was convicted and sentenced, unless he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."  Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why Petitioner should not be required to pursue that remedy.³  Thus, the Court concludes that habeas corpus relief is not available under § 2241 for Petitioner's current claims.

The only remaining issue to be resolved is whether this case should be dismissed for lack of jurisdiction, (see Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), or whether the interests of justice would be better served by construing the instant petition to be a § 2255 motion, and then transferring the matter to the original trial court judge.  See 28 U.S.C. §§ 1406(a) and 1631; see also Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se

---

³ The Court recognizes that Petitioner may be barred from pursuing a motion for relief under § 2255 by the doctrine of procedural default, because he failed to raise his current claims for relief in a direct appeal.  See United States v. Frady, 456 U.S. 152, 164-65 (1982).  However, even if Petitioner is procedurally barred from seeking relief under § 2255, he still cannot claim that § 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek habeas corpus relief under § 2241.  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

4

litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

In this particular case, the Court finds that dismissal, rather than a transfer, is the most appropriate disposition. If the Court were to construe Petitioner's pleading to be a § 2255 motion, and then transfer the matter back to the original trial court, Petitioner's Booker claims would undoubtedly be summarily dismissed pursuant to the Eighth Circuit Court of Appeals' recent decision in Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam). In that case, the Court expressly held that Booker is not retroactively applicable on collateral review.[4] The Court specifically stated that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Id. at 783. In other words, because Petitioner's conviction became final before Booker was decided, he cannot collaterally attack his sentence, based on Booker, in a § 2255 motion.[5]

---

[4] Every other federal appellate court that has considered whether Booker is retroactively applicable on collateral review has also concluded that it is not. Lloyd v. United States, 407 F.3d 608 (3rd Cir. 2005), Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

[5] Petitioner's case is clearly distinguishable from United States v. Robinson, No. 04-3044 (8th Cir. July 15, 2005), 2005 WL 1653130 (unpublished opinion), which is cited in Petitioner's first claim for relief. In Robinson, the defendant "preserved at sentencing the question of the constitutionality of the federal Sentencing Guidelines," and raised his Booker claim in his direct appeal. The defendant in Robinson did not attempt to raise his Booker claim for the first time in a collateral proceeding, as Petitioner is attempting to do here. Therefore, Never Misses A Shot was not applicable in Robinson, but it is directly applicable here.

5

In sum, it would serve no useful purpose to convert the instant petition into a § 2255 motion, and transfer the matter to the original trial court, because that court would be compelled to summarily dismiss Petitioner's Booker claims based on Never Misses a Shot. The Court will therefore recommend that this action simply be dismissed for lack of jurisdiction.[6]

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED for lack of jurisdiction.

Dated:      September 7, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 26, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those

---

[6] Petitioner might still be able to seek relief in the original trial court by bringing a motion under § 2255, as it appears that he is not barred from seeking such relief by the applicable one year statute of limitations, (28 U.S.C. § 2255 [ ¶ 6]), or by the restrictions on second and successive § 2255 motions, (28 U.S.C. § 2255 [¶ 8]). As a practical matter, however, it appears that any such motion would be futile, because Petitioner does not seem to have any viable grounds for seeking relief under § 2255. Any Booker claims that he might attempt to raise appear to be barred by Never Misses A Shot, and any other non-Booker claims appear to be barred by the doctrine of procedural default, (see n. 3, supra).

portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.